# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRYSTAL DEBERRY, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TONYA YOUNES, *et al.*, | : | NO. 17-4574 |
| Defendants. | | |

## MEMORANDUM

MCHUGH, J.                                                                                      OCTOBER 20, 2017

Plaintiff Crystal Deberry, a prisoner at the Northampton County Jail, brings this civil action pursuant to 42 U.S.C. § 1983, against Tonya Younes, a nurse from Prime Care, Alicia G. Egan, a professional court reporter, Judge Jacqueline Taschner, and District Attorney Abraham Kassis. She seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Ms. Deberry leave to proceed *in forma pauperis* and dismiss her complaint.

## I.    FACTS

The Court understands Ms. Deberry to be alleging that she is currently incarcerated in connection with a sentence that was illegally imposed by the Northampton County Court of Common Pleas. Specifically, she alleges that Judge Tascher found her "guilty of something [she] did not do" at a preliminary hearing and that the defendants had no evidence of her guilt. (Compl. at 4; *see id.* at 6-7.) Ms. Deberry also alleges that Ms. Egan, the court reporter, "lied with the transcripts" by "put[ting] in the transcripts that Tonya Younes went to a hospital that doesn't exist." (*Id.* at 14.) She further contends that District Attorney Kassis had no evidence that Tonya Younes was injured and that Ms. Younes lied when she testified that Ms. Deberry had assaulted her. (*Id.*) A review of public dockets reflects that Ms. Deberry has charges of simple

1

assault, aggravated assault, and criminal mischief/intentional, reckless, or negligent damaging of property pending against her in the Northampton County Court of Common Pleas. *See Commonwealth v. Deberry*, Docket No. CP-48-CR-0001362-2017 (Northampton Cty. Ct. Common Pleas). In the instant action, Ms. Deberry seeks immediate release from imprisonment, monetary damages, and "that all charges be removed." (Compl. at 6.)

## II. STANDARD OF REVIEW

The Court grants Ms. Deberry leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Ms. Deberry is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, Ms. Deberry must allege that "the wrongdoers . . . violate [her] federal rights . . ., and that they did so while acting under color of state law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Ms. Deberry first contends that Tonya Younes, the victim in Ms. Deberry's criminal proceedings, violated Ms.

---

[1] However, as Ms. Deberry is a prisoner subject to the Prison Litigation Reform Act, she will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

Deberry's rights by falsely testifying that Ms. Deberry assaulted her. However, nothing in the complaint suggests that Ms. Younes is a state actor. Accordingly, Ms. Deberry's claims against Ms. Younes are subject to dismissal.

Ms. Deberry further alleges that Alicia G. Egan, the court reporter, violated her rights by transcribing false testimony. Ms. Deberry contends that Ms. Egan "put in the transcripts that Tonya Younes went to a hospital that doesn't exist." As an initial matter, the error of which plaintiff complains does not seem materiel: where the victim was taken has little to do with whether an assault occurred. In that regard, plaintiffs do not have a constitutional right to a completely error-free transcript. *See Shahin v. Darling*, 606 F. Supp. 2d 525, 543 (D. Del. 2009) (citing *Tedford v. Hepting*, 990 F.2d 745, 747 (3d Cir. 1993); *Carpenter v. Vaughn*, 296 F.3d 138, 155 (3d Cir. 2002). For an error in a transcript to be of constitutional significance, it would have to affect the integrity of the outcome. [2] Moreover, quasi-judicial immunity applies to court staff, such as court reporters, who are acting in their official capacities. *See Gallas v. Supreme Ct. of Pennsylvania*, 211 F.3d 760, 769 (3d Cir. 2000); *see also Martin v. Kline*, 105 F. App'x 367, 368 (3d Cir. 2004). Here, it is clear from Ms. Deberry's complaint that Ms. Egan was acting in her official capacity as a court reporter. Thus, Ms. Deberry's claims against Ms. Egan are also subject to dismissal. *See Martin*, 105 F. App'x at 368 (court reporter entitled to quasi-judicial immunity in suit regarding alleged mishandling of court transcript).

With respect to Judge Taschner, Ms. Deberry claims that Judge Taschner found her "guilty" at a preliminary hearing despite the fact that no evidence of Ms. Deberry's guilt exists.

---

[2] The United States Court of Appeals for the Third Circuit has noted that "a constitutional violation would occur only if the inaccuracies in the transcript adversely affected appellate review in the state courts." *Carpenter*, 296 F.3d at 155 (quoting *Tedford*, 990 F.2d at 747). As Ms. Deberry's criminal proceedings are still pending, she clearly cannot claim that any error has adversely affected appellate review.

Essentially, Ms. Deberry believes that Judge Taschner has violated her constitutional rights by ruling against her. Ms. Deberry's claims against Judge Taschner, however, are legally frivolous because absolute judicial immunity precludes Ms. Deberry from asserting constitutional claims under § 1983 based on the way the Judge is handling matters in state court. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam) (discussing judicial immunity and amendments to § 1983 limiting injunctive relief against a judicial officer).

Finally, with respect to District Attorney Kassis, Ms. Deberry contends that he violated her rights by prosecuting her despite the fact that he had no evidence of her guilt. District Attorney Kassis, however, is entitled to absolute prosecutorial immunity from any claims for monetary damages based on his involvement in Ms. Deberry's prosecution. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Ms. Deberry's complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Ms. Deberry will not be given leave to amend because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows, which shall be docketed separately.

**BY THE COURT:**

_____
**GERALD A. MCHUGH, J.**